AUGUSTA TRUSKI v. LOUIS STRESEVESKI IMPLEADED WITH
HATTIE J. BURTON.

*Title to Land—Statute of Frauds—Married woman.*

Title to land cannot, under the statute of frauds, be divested from the
owner by verbal authority, or by the mere payment of money by
another on a land contract for its purchase.

Appeal from Wayne. Argued January 29, 1886. De-
cided February 10, 1886.

The facts are stated in the opinion.

*George Gartner,* for complainant:

If defendant Burton had deeded the land to complainant
and her husband, the case would have been governed by the
law of entireties: *Fisher v. Provin,* 25 Mich. 347; *Ætna
Ins. Co. v. Resh,* 40 Mich. 241; *Manwaring v. Powell,* Id.
375, and in equity, a vendor under a land contract is a trus-
tee of the land for the vendee: *Wing v. McDowell,*
Walk. Ch. 175; *Fitzhugh & Maxwell,* 34 Mich. 138. The
court should treat this case as if such deed had been executed
to complainant and her husband: *How. Stat.* Sec. 6295,
giving a married woman the sole control of her property,
makes it unimportant for what reason appellant secured a
divorce from complainant, the object of the statute being to
abolish the common law rule respecting the husband's mari-
tal rights over his wife's property: *Starkweather v. Smith,*
6 Mich. 377; *White v. Zane,* 10 Mich. 333; *Tong v. Mar-
vin,* 15 Mich. 60–9. In the absence of the divorce, on the
death of complainant or appellant, the survivor would have
taken the entire property. The law of entireties depends
on the marriage relation and when it is destroyed, by
divorce, each party is entitled to one-half interest in the
property held by them: *Ames v. Norman,* 4 Sneed (Tenn.)
683.

*James H. Pound* and *Ralph Phelps,* for defendant:

No clear and intelligible contract was ever entered into
between complainant and her husband, and the money she

paid on the contract belonged to the husband.   There was no contract of hiring between the parties, but the relation was that of husband and wife, and the joint earnings of their or his sole business, was his property, solely, unless he had given it to his wife, which is not claimed in this case: *Glover v. Alcott,* 11 Mich. 470–484; *Tong v. Marvin,* 15 Mich. 71.

CAMPBELL, C. J.   Complainant, who was once wife of defendant Streseveski, but against whom he obtained a divorce for adultery with her present husband, filed a bill to obtain partition or sale of a lot of land in Detroit, which she claims was held by him and herself jointly under an executory contract from defendant Burton.   The court below gave her the relief prayed, and defendant Streseveski appeals, claiming that the contract was made with him solely, and that she never had any interest in it.

It is admitted that the contract was originally made to him alone.   About nine months afterwards complainant, as she testifies, went to Mr. Burton, who represented Hattie J. Burton, and had her name inserted as a joint vendee.   Mr. Burton testified that he did not remember distinctly, but thought both were present.   Her testimony shows the contrary, and so does that of Streseveski.   There is some testimony that, upon being told what had been done, Streseveski acquiesced, and it is shown that she as well as he made payments thereafter.   But it is also clear that the money she paid was the money obtained in his business.   The utmost that can be claimed is an apparent acquiescence in the change, based on no consideration.   We do not think that there was even any such intelligent acquiescence.   Streseveski was unable to read or write, and it would require stronger evidence in such a case than if he could have read and understood all the papers which were executed or received.   There are no moral equities to be raised in her favor, when she was living in violation of her marriage duties, and used her husband's money to make all the payments.   She says that he authorized her to have the change made in the papers.   We do not believe that he did.

We have only referred to the facts, to determine how far Streseveski is morally or otherwise responsible for leading her into paying money for him on his land contract, and we do not think he did. But, so far as the land is concerned, he could not, under the statute of frauds, have his title divested by verbal authority, or by the mere payment of money, and the change in the contract was unauthorized and void.

Had it been made as claimed by complainant, some legal questions would have arisen concerning her right to relief which are very serious, and which we are not disposed to discuss where there is no occasion for it. We think her claim without any legal or moral support, and she has no claim to equitable intervention.

The decree must be reversed, and the bill dismissed, with costs in favor of Streseveski against complainant in both courts.

MORSE and CHAMPLIN, JJ. concurred; SHERWOOD, J. not sitting.